LEE SIMPSON *v.* RALPH H. GOODMAN.

[45 South., 615].

PRIVILEGE TAX. *Insurance solicitor.  State license.  Laws* 1904, *ch.* 76, *p.* 69, § 49.

>   Under. Láws 1904, ch. 76, p. 69, § 49, so providing, an insurance solicitor could pay a thirty dollar state privilege tax and the municipal privilege tax collectible by the municipality of his residence and thereby be authorized to do business for one year anywhere in the state, although he changed his place of residence and business during the year; and the question as to where he resided when he made payment is one of fact.

FROM the circuit court of, second district, Perry county.

HON. W. H. COOK, Judge.

Simpson, appellant, was plaintiff in the court below, Goodman, appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

In February, 1906, Simpson, appellant, a life insurance agent, solicited insurance from Goodman, appellee, and received his application for a policy of insurance on his life. For the first premium on the policy Goodman executed and delivered to Simpson his promissory notes. The transaction took place in Hattiesburg, Perry (now Forrest) county, Mississippi. Goodman failed to pay the notes at maturity, and, when sued thereon, pleaded that at the time Simpson solicited the insurance and received his application and when he accepted the notes Simpson had not paid the privilege tax imposed by statute on his occupation. Simpson, in his testimony, admitted that he had lived in Hattiesburg for two years before the trial, and that he had never procured privilege license for the carrying on of his business in either the city of Hattiesburg or the county of Perry. He testified however that while engaged in business in Winona, Montgomery county, Mississippi, where he also had a home

and place of business, in March, 1905, he procured from the state insurance commissioner a state privilege license authorizing him to transact the business of his insurance company in the state of Mississippi until March 1, 1906, and that subsequently, in April, 1905, while still thus engaged in business in Winona and having a home there, he procured from the city of Winona a municipal privilege license entitling him to carry on the business of soliciting life insurance in Winona for the year ending April 1, 1906, and that neither his state license nor his municipal license had expired when the policy on Goodman's life was issued and the notes in suit executed, and he claimed the case fell within the terms of Laws 1904, p. 69, ch. 76, sec. 49, on the subject of privilege taxes, in these words: "On each life insurance agent exclusively engaged in life insurance, for each county, $10: Provided, any insurance agent who shall pay a $30 state privilege tax and the privilege tax to the municipality in which he resides, or in case he be a nonresident, to the first municipality in which he solicits business, shall not be liable to pay any other or further privilege tax for doing business in any county or municipality in this state." Simpson offered in evidence the licenses mentioned, and testified that, after receiving his license from the city of Winona he solicited insurance there for some time before doing so in Hattiesburg.

At the close of the evidence, the trial court, on motion of defendant, excluded the evidence for plaintiff and directed a verdict in favor of defendant.

*A. C. Cherry and Luther James,* for appellant.

It was not necessary for appellant to have paid any privilege tax to the city of Hattiesburg or to the county of Perry. As appellant testified, without dispute, that he lived in Winona before coming to Hattiesburg, and that he paid the privilege tax required by the municipality of Winona and the tax required by the state, and thereafter carried on his insurance business in

Winona before coming to Hattiesburg to carry on such business, it is apparent that he actually lived in Winona on the date shown in the municipal license shown in evidence.

The plain intent of Laws 1904, ch. 76, § 49, is that every soliciting life insurance agent should in good faith pay both the state and the municipality once, and once only, for a given term. It was not the purpose of the statute to tax any one doubly.

Whether appellant actually lived in Hattiesburg or in Winona when the notes were executed, should have been left to the jury.

*R. S. Hall* and *C. F. Reddock,* for appellee.

It is plain that the insurance policy was solicited in February, 1906, when appellant held only a municipal tax of the city of Winona in addition to his state license.

It will be noted, in considering Laws 1904, ch. 76, § 49, that appellant was not a non-resident of this state, but had lived in Winona, Mississippi, before taking up his residence in Hattiesburg, Mississippi. The plain purpose of the statute is that the resident of a municipality should pay his privilege tax at home and not in a different municipality from that wherein he resides.

The only reasonable conclusion to be drawn from the testimony is that appellant had lived in Hattiesburg and there conducted his insurance business for more than two years, and that he had paid his municipal privilege tax in Winona when the law required it to be paid only in the municipality wherein he resided. Compliance with the statute does not of itself imply double taxation.

WHITFIELD, C. J., delivered the opinion of the court.

The municipal license obtained from the city of Winona ran until April 1, 1906, and the policy of insurance in this case was issued in February, 1906. It is clear, from Laws 1904, p. 69, c. 76, § 49, that it was not the purpose of the state to collect a municipal privilege tax twice. It is evident that the court

gave the peremptory instruction on the language of Simpson himself as to his having lived in Hattiesburg for some two years before the trial; but there is quite enough in the testimony of this unusually honest witness to have carried the case to the jury on this point, and to have left the solution of the question whether he resided in Winona when he paid the privilege tax for the jury to solve.

*Reversed and remanded.*